enter the merchandise, but under existing circumstances in this case and following *Fish* v. *United States* (12 Ct. Cust. Appls. 307, T. D. 40315), affirmed in *United States* v. *Fish* (268 U. S. 607), it was found that carelessness on the part of the petitioner in this respect is not sufficient to authorize a denial of relief. The court was satisfied that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts. The petition was therefore granted.

**No. 46212.**—Petition 6173–R of B. Spiliadis & Co., Inc. (New York).

Opinion by TILSON, J. The undervaluation in this case was apparently occasioned solely by reason of the deduction of a 2 percent discount on the consular invoice and again on entry. An examination of the entire record satisfied the court that there was no intention to defraud the revenue of the United States, conceal or misrepresent the facts, or to deceive the appraiser as to the true value of the merchandise. The petition was therefore granted.

BEFORE THE THIRD DIVISION, JULY 28, 1941

**No. 46213.**—Protests 848580–G, etc., of Columbia Co. et al. (San Francisco).

Opinion by CLINE, J. In accordance with stipulation of counsel and on the authority of *Columbia Co.* v. *United States* (5 Cust. Ct. 175, C. D. 395) and Abstract 45951 it was held that the merchandise in question is not subject to the assessment of internal revenue tax. The protests were therefore sustained.

**No. 46214.**—Protests 965556–G, etc., of Columbia Co. et al. (San Francisco).

Opinion by CLINE, J. In accordance with stipulation of counsel and on the authority of *Wing Duck Co.* v. *United States* (6 Cust. Ct. 133, C. D. 446) it was held that the merchandise in question is not subject to the internal revenue tax. The protests were therefore sustained.

**No. 46215.**—Protest 972021–G of Tai Wo Tong (Los Angeles).

Opinion by CLINE, J. In accordance with stipulation of counsel bak hop, hoi shin lien, hoi pak lien, sui sut, wai san (stick form), sar sum (uncut), lo hon qua, yuen yuk, and mok qua (not sliced) were held entitled to free entry under paragraph 1669 as claimed, following *Oy Wo Tong Co.* v. *United States* (5 Cust. Ct. 70, C. D. 372), and apricot kernels were held dutiable at 3 cents per pound under paragraph 762 on the authority of Abstract 42588.

**No. 46216.**—Protest 549900–G of Tai Wo Tong (Los Angeles).

Opinion by CLINE, J. In accordance with stipulation of counsel bak hop, hoi shin lien, hoi pak lien, sui sut, wai san (stick form), sar sum (uncut), lo hon qua, yuen yuk, and mok qua (not sliced) were held entitled to free entry under paragraph 1669 as claimed, following *Oy Wo Tong Co.* v. *United States* (5 Cust. Ct. 70, C. D. 372), and apricot kernels were held dutiable at 3 cents per pound under paragraph 762 on the authority of Abstract 42588.

**No. 46217.**—Protest 549903-G of Tuey Chinese Herb Co. (Los Angeles).

Opinion by CLINE, J. In accordance with stipulation of counsel and on the authority of Abstract 42588 the merchandise in question was held dutiable at 3 cents per pound under paragraph 762 as claimed.

**No. 46218.**—Protests 13988-K, etc., of Eastern Grocery Co. et al. (Los Angeles).

Opinion by CLINE, J. In accordance with stipulation of counsel and on the authority of *Oy Wo Tong Co.* v. *United States* (5 Cust. Ct. 70, C. D. 372) bok hop, hoi shin lien, hoi pak lien, sui sat, wai san (stick form), sar sum (uncut) lo hon qua, yuen yuk, and mok qua (not sliced) were held entitled to free entry as crude drugs under paragraph 1669 and certain of the vegetables, prepared, dutiable at 10 percent under paragraph 34 as drugs advanced.

**No. 46219.**—Protest 36723-K of T. H. Lung Co. (Boston).

Opinion by CLINE, J. In accordance with stipulation of counsel and on the authority of *United States* v. *Furuya* (7 Ct. Cust. Appls. 495, T. D. 37109) the dried edible seaweed in question was held entitled to free entry under paragraph 1722 as claimed.

**No. 46220.**—Protest 48515-K of Mme. Beatrice Lever (Los Angeles).

Opinion by CLINE, J. In accordance with stipulation of counsel and on the authority of *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441) the merchandise was held not subject to the assessment of countervailing duties. The protest was therefore sustained to that extent.

**No. 46221.**—Protests 41000-K, etc., of Columbia Co. et al. (San Francisco).

Opinion by CLINE, J. It was stipulated that the wine in question is of the same character as that passed upon in *Columbia Co.* v. *United States* (5 Cust. Ct. 175, C. D. 395) and therefore not subject to assessment as distilled spirits under the internal revenue law.